CENTER FOR DISABILITY ACCESS
Isabel Masanque, Esq., SBN 292673
Ray Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Chris Langer**,<br><br>          Plaintiff,<br><br>     v.<br><br>**Khanh Nguyen**;<br>**Thanh Bui**;<br>**Hadramout Group Inc.**, a<br>California Corporation; and Does 1-10,<br><br>          Defendants. | Case No. <u>'18CV0150 BEN BGS</u><br><br>**Complaint For Damages And Injunctive Relief For** Violations Of: American's With Disabilities Act; Unruh Civil Rights Act |

Plaintiff Chris Langer complains of Defendants Khanh Nguyen; Thanh Bui; Hadramout Group Inc., a California Corporation; and Does 1-10 ("Defendants") and alleges as follows:

**PARTIES:**

1.   Plaintiff is a California resident with physical disabilities. He is a paraplegic who cannot walk and who uses a wheelchair for mobility. He has a specially equipped van with a ramp that deploys out of the passenger side of his van and he has a Disabled Person Parking Placard issued to him by the State

Complaint

of California.

2.   Defendants Khanh Nguyen and Thanh Bui owned the real property located at or about 5841 El Cajon Blvd., San Diego, California, in September 2017.

3.   Defendants Khanh Nguyen and Thanh Bui own the real property located at or about 5841 El Cajon Blvd., San Diego, California, currently.

4.   Defendant Hadramout Group Inc. owned the Hadramout Restaurant located at or about 5841 El Cajon Blvd., San Diego, California, in September 2017.

5.   Defendant Hadramout Group Inc. owns the Hadramout Restaurant ("Restaurant") located at or about 5841 El Cajon Blvd., San Diego, California, currently.

6.   Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

7.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

8.   Pursuant to supplemental jurisdiction, an attendant and related cause

Complaint

of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

9.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

10. Plaintiff went to the Restaurant in September 2017 to eat.

11. The Restaurant is a facility open to the public, a place of public accommodation, and a business establishment.

12. Parking spaces are one of the facilities, privileges and advantages offered by Defendants to patrons of the Restaurant.

13. Unfortunately, although parking spaces were one of the facilities specifically reserved for patrons, there were no accessible parking spaces available for persons with disabilities that complied with the Americans with Disability Act during Plaintiff's visit.

14. On information and belief, plaintiff alleges that there used to be an accessible parking space at the Restaurant prior to his visit.

15. Unfortunately, the parking space and access aisle have faded beyond recognition.

16. Additionally, there is no pole or wall-mounted signage and no "NO PARKING" lettering in the access aisle.

17. Not surprisingly, vehicles park in this parking space and access aisle with impunity. The only thing remaining of this parking space is a faded International Symbol of Accessibility logo, indicating that the parking space was once reserved for persons with disabilities in this location.

18. On information and belief, Plaintiff alleges that there used to be

Complaint

compliant, maintained, accessible parking space in the parking lot prior to Plaintiff's visit.

19. Plaintiff alleges, on information and belief, defendants allowed the parking space that was previously reserved for persons with disabilities to fade and become unrecognizable.

20. The defendants do not maintain the parking lot and have no policy whatsoever to keep the parking lot maintained.

21. Currently, there are no compliant, accessible parking spaces designed and reserved for persons with disabilities in the parking lot serving the Restaurant.

22. The defendants did not have a policy or procedure in place to ensure that the accessible parking space reserved for persons with disabilities remained useable prior to Plaintiff's visit.

23. The defendants do not have a policy or procedure in place to enure that the accessible parking space reserved for persons with disabilities remains useable, currently.

24. Plaintiff personally encountered this barrier.

25. This inaccessible condition denied the plaintiff full and equal access and caused him difficulty and frustration.

26. As a result of not being able to park, plaintiff had to eat elsewhere.

27. Restrooms are another one of the facilities, privileges, and advantages offered by Defendants to patrons of the Restaurant.

28. Although the plaintiff did not personally confront the barrier, the restroom mirror was mounted on the wall so that its bottom edge was more than 40 inches above the finish floor.

29. The disposable toilet seat cover dispenser was mounted so that its highest operable part was greater than 54 inches above the finish floor and inaccessible to wheelchair users.

Complaint

30. Additionally, there was no clear floor space in front of the disposable toilet seat cover dispenser because it was mounted on the wall behind the toilet.

31. Currently, the restroom mirror is mounted on the wall so that its bottom edge is more than 40 inches above the finish floor.

32. Currently, the disposable toilet seat cover dispenser is mounted so that its highest operable part is greater than 54 inches above the finish floor and inaccessible to wheelchair users.

33. Currently, there is no clear floor space in front of the disposable toilet seat cover dispenser because it is mounted on the wall behind the toilet.

34. Plaintiff would like to return and patronize the Restaurant but will be deterred from visiting until the defendants cure the violations.

35. The violations identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

36. For example, there are numerous paint/stripe companies that will stripe a parking stall and access aisle and install proper signage on short notice and for a modest price, sometimes as low as $300, in full compliance with federal and state access standards.

37. Plaintiff is and has been deterred from returning and patronizing the Restaurant because of his knowledge of the illegal barriers that exist. Plaintiff will, nonetheless, return to the business to assess ongoing compliance with the ADA and will return to patronize the Restaurant as a customer once the barriers are removed.

38. Given the obvious and blatant violation, the plaintiff alleges, on

Complaint

information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the Complaint to provide proper notice regarding the scope of this lawsuit once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 506 F.3d 1191 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to her disability removed regardless of whether he personally encountered them).

39. Additionally, on information and belief, the plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because, had the defendants intended any other configuration, they had the means and ability to make the change.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of plaintiff and against all defendants (42 U.S.C. section 12101, et seq.)

40. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

41. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices,

Complaint

or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

42. Any business that provides parking spaces must provide accessible parking spaces. 1991 Standards § 4.1.2(5); 2010 Standards § 208. To qualify as a reserved handicap parking space, the space must be properly marked and designated. Under the ADA, the method, color of marking, and length of the parking space are to be addressed by State or local laws or regulations. See 36 C.F.R., Part 1191, § 502.3.3. Under the California Building Code, to properly and effectively reserve a parking space for persons with disabilities, each parking space must be at least 216 inches in length. CBC § 11B-502.2 Under the California Building Code, to properly and effectively reserve a parking space for persons with disabilities, each such space must be identified with a reflectorized sign permanently posted adjacent to and visible from each stall

Complaint

or space. CBC § 1129B.4. The sign must consist of the International Symbol of Accessibility (♿) in white on a blue background. Id. It cannot be smaller than 70 square inches and must be mounted so that there is a minimum of 80 inches from the bottom of the sign to the parking space. Id. Signs must be posted so that they cannot be obscured by a vehicle parking in the space. Id. An additional sign or additional language below the symbol of accessibility must state, "Minimum Fine $250" to ensure that the space remains available for persons with disabilities. Id. Another sign must be posted in a conspicuous place at the entrance to the parking lot or immediately adjacent to each handicap parking space, with lettering 1 inch in height, that clearly and conspicuously warn that unauthorized vehicles parking in the handicap parking spaces can be towed at the owner's expense. Id. Additionally, the surface of the handicap parking stall must have a profile view of a wheelchair occupant (♿) that is 36 inches by 36 inches. Id. And the surface of the access aisle must have a blue border. CBC § 1129B.3. The words "NO PARKING" in letters at least a foot high must be painted on the access aisle. Id.

43. Here, the failure to provide a parking space that complies with these requirements is a violation of the law.

44. Mirrors shall be mounted with the bottom edge of the reflecting surface no higher than 40 inches above the finish floor. 1991 Standards § 4.19.6; 2010 Standards § 603.3.

45. Here, the mirror was mounted higher than the maximum permitted and is a violation of the ADA.

46. If controls, dispensers, receptacles or other equipment is provided in a restroom, they must be on an accessible route and be mounted so that their highest operable parts are no greater than 54 inches above the floor. 1991 Standards § 4.22.7; 4.27.

47. Here, the failure to ensure that the wall mounted accessories met the

8

Complaint

height requirement is a violation of the ADA.

48. Clear floor space that allows a forward or a parallel approach by a person using a wheelchair shall be provided at controls, dispensers, receptacles, and other operable equipment. 1991 Standards § 4.27.2; 2010 Standards § 309.2.

49. Here, the failure to provide such floor space is a violation of the ADA.

50. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

51. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

52. Given its location and options, plaintiff will continue to desire to patronize the Restaurant but he has been and will continue to be discriminated against due to the lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of plaintiff and against all defendants) (Cal Civ § 51-53)

53. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

54. Because the defendants violated the plaintiff's rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Civ. Code § 51(f), 52(a).)

55. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

9

**PRAYER**:

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1. For injunctive relief, compelling defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act which damages provide for actual damages and a statutory minimum of $4,000.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code § 52.

Dated: January 15, 2018            CENTER FOR DISABILITY ACCESS

By: _____

Isabel Masanque, Esq.
Attorney for Plaintiff

10

Complaint